**FILED**

IN THE BANKRUPTCY COURT OF WESTERN PENNSYLVANIA

2013 APR -8 PM 12: 21

Carole L. Scheib, *Pro-se'*

CLERK
US BANKRUPTCY
COURT PGH

Debtor                                              Under Rule 4007(b) Section 350

#97-25582-JKF ~~and 00-20056-JKF and Adversary case #00-2296~~

~~Closed. 20 year Record. (98-22743) cric (Entered:09/25/2000)~~

---

AN EX-PARTE MOTION TO RE-OPEN CHAPTER 7 BANKRUPTCY

AND MOTION FOR RELIEF FROM THE DISMISSAL ORDER

PURSUANT TO FED.R. BANKR. P. 9024.

---

Carole Scheib, has Proper reason to file to Re-Open Case.

Based upon a fraudulent and or false claim, submitted by Mellon Bank, N.A.

At 500 Grant Street, Pittsburgh, PA 15219

Claim was for real property, known as the personal and primary residence of debtor located at 54 Lawson Street, Crafton Borough, Pittsburgh, PA 15205; property that was paid in full.

Allegheny County Block and Lot # 40-F-187

X *Carole L. Scheib*

Filed by: Carole L. Scheib *Pro-se'*

815 Walbridge Street

Pittsburgh, Pa. 15220

(412) 506-2648

Dated: April 8, 2013                                                            Filing Fees Paid



IN THE BANKRUPTCY COURT OF WESTERN PENNSYLVANIA

AND NOW COMES, Debtor, Carole L. Scheib to file the enclosed Motion(s) within this Honorable Court to Re-Open, ( Nunc-Pro-Tunc) the Bankruptcy Petition(s)

And To Motion for the Relief from the Dismissal Order(s).

[There is NO Statute of Limitation on Lender Fraud]

## LENDER FRAUD

1. On or about May 8, 1997, by Notice of appearance and request for service of notice by Reed J. Davis, for the Creditor, Mellon Bank, N.A., located at 500 Grant Street, Pittsburgh, Pa. 15219 (ljel) (Entered:05/09/1997).
2. Within case #97-25582-JKF and on or about 08/1997 Mr. Davis, as Lead Counsel for Mellon Bank, N.A. did file a (FALSE) CLAIM being an fraudulent and accelerated amount, as (allegedly) past due.
3. In Addition an Affidavit of default was fraudulently filed on May 21, 1998, by Mr. Davis for Mellon Bank, N.A.

Under the Truth in Lending Act, 15 U.S.C. s 1601 et.seq. (TILA") as amended by the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. ss 1602 (aa) and 1630 (HOEPA) and implementing Federal Reserve Board Regulation Z., 12 C.F.R. part 226.

Receipts were accepted and documented within Allegheny County Court at 02-GD-2152 on or about June of 2004 (a One day Bench Hearing was held on July 1, 2004) accepted also by the legal defense team for Mellon Bank, N.A.

1.

Carole Scheib, *debtor and hereinafter*;Mellon, *the 'Bank'*

The Courts decision erroneously went for the 'Bank' despite the clear evidence submitted.

## FRAUD By DECEPTION and FRAUD on the COURT.

The 'Bank' through their legal defense team submitted a partial mortgage history, fabricated documentation; admitting on transcript that it was completed (After) receiving copies of the actual receipts submitted by 'debtor.'

The Court erroneously agreed with their defense, claiming that the over-payments were due to a type of homeowners insurance, however; debtor received full documentation that the 'Bank' also OVER charged for homeowners Insurance on all FOUR properties instead of this tiny mortgage.

(Debtor lost, business property, zoned Commercial as well; 2 homes)

Debtor paid 35% down or $15,000.00 on the home with a mortgage to the 'Bank' for $23,900.00 at straight 9% (30) year mortgage.

Purchase and payments started in July of 1978. Debtor continued to pay according to the figures due on the annual coupon books, which varied slightly and at approximately $299.00 monthly.
The increase was supposed to be temporary.

Debtor paid $496.00 monthly for years, including one full year of double payments of over $600.00 monthly.

2.

For these reasons, the property was paid in full in 1996. A professional, computerized amortization did show that the balance was paid down to $346.00 NOT including the additional OVER payments that was paid by money order within this Bankruptcy Court; and substantial OVER payments deducted and OVER charged for Homeowners Insurance on FOUR properties.

[Mellon ONLY held a mortgage on this property]

Debtor paid extended Over-payments as regular payment. (Taxes never fluctuated over $7.00 at $150.00 monthly or $1,800.00 annually)
Debtor also holds full evidence of homeowners insurances paid on all (four) properties. Documentation was received from the archives of the Insurance company after debtor's (3rd) request in 2007.

## VIOLATIONS OF FEDERAL RULES 9001

The 'Bank' as the mortgage holder violated Federal Rules of Bankruptcy Procedure
(a) States that in order for a party to bring a claim he must have and interest in the action. ('the Bank' lacked Subject Matter Jurisdiction)

The 'Bank' as mortgage holder would have had to submit a Proof of claim using an Official form 10. This form must include the note, itemization and the mortgage. Fraud is defined as a 'knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or detriment. Black's Law Dictionary 685 (8th ed. 2005).                                          3.

## NEGLIGENCE IN MORTGAGE SERVICING

Under False Claims Act Section 3729 of Title 31 U.S. Code.

Liability for certain acts.

a) Knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval.
b) Knowingly makes, uses or causes to be made or used a false record or statement, material to a false or fraudulent claim.

Under Civil RICO claims under 18 U.S. C. s 1962 adequately allege facts, to support each of the statutory elements for the predicate acts that allegedly divested her of her homestead.
    Since, debtor was prevented from discovering that she was the victim of Fraud, by the 'Bank' by the concealment of the Fraud, being Lender fraud.)
Please see; RICO Elizabeth H. Coursen, v. JP Mortgage Chase, et. Al. Case No. 12- cv-690-T-26 EAJ.

---

(History of the Issues in the Bankruptcy to assist the Court)

## INTERNAL REVENUE ISSUES IN BANKRUPTCY

Based on Title 18, U.S.C. ., 1940 ed., Sec. 80
Reference to persons (Bank) causing loss of revenue by filing erroneous 1099 forms submitted to the Internal Revenue(mortgage)

Debtor was also further harmed by the erroneous 1099 forms

Debtor was in an unfair tax debt which in part, was abated by a certified public accountant.

Debtor was being charged with a claim within Bankruptcy for state and unemployment taxes for employees never retained by debtor.

4.

The small business known as Crafton Personal Care Homes for the Elderly was family operated, debtor being the key employee.

(At the loss of the business created unemployment for spouse who did all of the maintenance on the two homes.) #1 and #2 Norma Street, also in the Borough of Crafton Pittsburgh, Pa. 15205

The mistake and error made by the State of Pa. was due to the records of the business that was leased to (Vinad Goyal) who had NO family employees, and had ONLY regular employees and deducting for their taxes.

Another aspect of the unfair tax debt was also based upon the lease to (Vinad Goyal) who paid a $10,000.00 amount to debtor to lease with the option to purchase the business.

Debtor claimed that payment on the current year income tax, however; had to return it to (Vinad Goyal) since he exercised his option to NOT purchase the business.

By then, it was too late to attempt to remedy the tax situation.

(Vinad Goyal) is listed in the Bankruptcy #97-25582 JKF as claimant for a small portion of the balance of that $10,000.00 which was paid by payments.

In addition, debtor did pay the Internal Revenue tax based upon that same $10,000.00 (windfall) and paid as much as $600.00 monthly for (8) years.
The transcript submitted into Bankruptcy Court by the I.R.S. was barely legible.
The old tax was never being paid down, consequently causing the small tax to snowball.
(Debtor provided 24 hr. care to 15 elderly residents ALL Low Income.)

5.

# POST BANKRUPTCY

This unfair tax debt remained against debtor for several more years, with the I.R.S. keeping every income tax refund and especially the earned income credit for the two youngest children.

## Trustee(s) failed to PROTECT DEBTOR

The trustee(s) failed to protect debtor within this case, by ignoring the amount(s) of Over-payments including additional money order payments for the $496.00 amount which should have been a red flag to any trustee, to investigate and amortize.

Additionally, the Proofs of Claim must contain the following: (1) mortgage and (2) a proper confirmatory assignment regarding the transfer of the mortgage.

   [Mortgage was through Mellon Mortgage]
Debtor received full documentation of a certified, notarized satisfaction piece from Mellon Mortgage Co., (2) months after the eviction.

Debtor was denied the primary goal within the Federal Rules of Bankruptcy that is to ensure and to create a supposed fresh start, financially.

Debtor and family were each frugal, filing for protection with zero credit card debt, no small loans and or no vehicle payments due.

Debtor was further harmed, irreparably financially causing excessive emotional distress to immediate family.

Debtor was forced out of own home and kept out of it since February 11, 1999.                              6.

Debtor was entitled to an exemption for the real property, at a minimum involved in this case.

Debtor was entitled to an $15,000.00 exemption on this property that was appraised then for $80,000.00.

Debtor was denied the opportunity to pay the 'Bank' $7,000.00 MORE than the (alleged) balance, claimed to be due.

## VIOLATIONS of the CIVIL RIGHTS ACT 42 USC 1983

States that every 'person' is subject to proper redress. It is a duty of public nature and (Consumer Protection) is imperative.

Allegheny County Courts continually ignored the (attached) Order of the Honorable Federal (Bankruptcy) Court Judge who was able to determine an alleged Civil conspiracy.

The 'Bank' through their Attorney (R.Davis) also flagrantly ignored a postponement (placed by the Honorable Judge Fitzgerald) to December.

He managed to purchase the property at a unscheduled and unannounced sale for costs only, initiated an ejectment prior to possession of the Sheriff deed AND did this BEFORE, co-owner; George Scheib was discharged from bankruptcy #98-22743-JKF.

Under Title 18 USC Section 241. To Protect Civil Liberties.

Conspiracy against Rights and Section 242 as deprivation of Rights under color of law protected claims and actions under the Constitution of the United States of America.

Some issues are state issues, however; continually and particularly within the Allegheny County Court system; debtor has been treated unfairly, denied the civil rights and liberties afforded to all, violations of the Pa. Constitution as well as the U.S. Constitution.

Debtor is not only NOT permitted to file any papers in the prothonotary office, unless approved by the Judge, but; by the same Judge who placed that Order.

7.

Debtor was fined $8,000.00+ in fines as sanctions. (Court order to pay the legal fees of the 'Bank'.

Debtor paid (4) retainers to own Attorneys.

### FRAUD ACT 2006

Debtor asserts Fraud in the Prosecution of the Foreclosure Process, Filing a false document in Court for foreclosure.

Violations of the Federal Fair Debt Collection Practices Act and Federal Truth-In-Lending Act, 15 USC ss 1691e.

Based on false, deceptive and misleading representations regarding standing, and submitting a false, and fabricated partial mortgage history.

### VIOLATIONS OF CONSUMER PROTECTION ACT

Under Consumer Law as well as Commercial Law is to protect the Rights of the Consumer. And Consumer complaints are considered to be a Right granted to every citizen of the United States.

http://consumer.laws.com

Section 3 of the Consumer Protection Act (1987) addresses Consumer-Based crime, which typically involves the purposeful and intentional misrepresentation of a product or service (the Bank' was negligent in their servicing of the mortgage) on the part of a commercial vendor with the expressed intention of deceiving a consumer.

**Under the Consumer Equity Protection Act and the (FERA) the Federal Fraud Enforcement and Recovery Act**

Debtor desires to Press charges and to pursue a Criminal Complaint Under U.S. Code Title 18 A. 26

[Every person who knowingly procures or offers any False or forged instrument to be filed, registered, or recorded in Any Public Office within the United States, is guilty of a felony.]

Listed within are Federal Violations. However; the 'Bank' also violated several Pennsylvania State Laws and statutes, including evidence submitted in discovery phase of #GD-02-5152 clearly showing that debtor never received the Act #6.

Debtor was hospitalized and underwent surgery, certified mail was returned.

## HISTORY OF THE STATUS OF THE REAL PROPERTY

The property within this case has and is continually vacant. The 'Bank' failed in their position as Qua'-trustee of the property.

In 2007, while an Appeal by Writ of Certiorari was docketed within the US. Supreme Court and although the 'Bank's' legal defense team signed and submitted a waiver, stating that they will NOT file an answer within that Court; did by fraudulent transfer and using a ($10.00) Quit-Claim Deed (sell) the property to their OWN Entity.

---

Under Model Penal Code s 223.3 a person is guilty of theft by deception when purposely obtained property of another by a deception, and by false pretense, a person who obtains ownership of property by deceit does NOT contain FULL title to the property; only a voidable title to transfer.

Please see U.S. Bank v. Ibanez, 17 LCR 202 (Mar. 26, 2009) & 17 LCR 679 (Oct. 14, 2009) and see Bongaards v. Millen, 440 Mass. 10, 15 (2003) accordingly, U.S. Bank was no more capable of passing on good Title to the Rodreguez property than a common Thief.

Americus Brief of Attorney General Coakley (4/11)

http://Lawlib./com2011/01/21

---

A Vice President (William Knox) signed the transfer as BOTH Grantor AND Grantee. Signing for the 'Bank', as well as for A.P. Realty, Inc.

A.P. Realty, Inc. is OWNED by the 'Bank' using the SAME address on Grant Street.

9.

The following year (September of 2008) A.P. Realty illegally sold the real property to Keystone Residential Properties, LLC. For $10,000.00 which is a $10,000.00 financial gain that they were NOT entitled to.

[a Claim for the real property is pending within the Honorable Supreme Court of Western Pennsylvania at #634 WDA2012 Carole Scheib v. Keystone]

Keystone failed to answer, only appearing ONCE was heard in a Ex-parte' hearing.

Statute of Limitations for Claim real property in Pennsylvania is (20) years.

---

{Real Property at #1 Norma Street, Crafton Borough, Pittsburgh, PA. 15205, is also vacant.

Manager hired by the debtor made a deal with the Bank and or VA administration to purchase #1 Norma Street, immediately after possession and since (lost) that property.

Debtors own Attorneys failed to represent debtor throughout this ordeal.

---

Respectfully Submitted and filed:

x  *Carole L. Scheib*

Carole L. Scheib, *Pro-se'*

815 Walbridge Street, Pittsburgh, PA 15220

Dated: April 8, 2013

10.

IN THE BANKRUPTCY COURT FOR W. PENNSYLVANIA

Carole L. Scheib, Debtor/plaintiff

1. It was expressly, Mellon. Bank, N.A. and the aggressive actions against the debtor that caused debtor to seek and file for a Chapter 13 protection scenario; to save personal residence.

2. It was also expressly due to this Bank, who did file a FALSE claim that was the direct cause for the debtor to lose everything and to end up in far worse financial condition. Losing 90% of Income, (3) solid, brick homes within the Borough of Crafton.

3. It was also expressly due to this Bank and their legal counsel who, did file and request several motions within this Bankruptcy for relief of stay, etc.

---

If debtor were given a little more time...to have the opportunity to seek regular employment; even though caring for the ONE elderly resident, a retired ex-Marine, who endured the eviction with us, his family continued to pay debtor (voluntarily) raising his rate from $750.00 month to $1,000.00 to $1,400.00 to $2,000.00 at the end, and was with us for (25) Years! until his passing end of Dec.11'

This Bank 'stole' our home from us...had us evicted ..with an injunction to 'keep' us away from our own home...they managed to charge debtor for (their) legal fees.

11.